IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30068 |
| | ) | |
| BETTY PULLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 46) (Motion to Withdraw).  The Court appointed the Federal Defender's Office to represent Defendant in this matter.  <u>Text Order entered February 15, 2008</u>.  The Court subsequently received a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (d/e 43) from Defendant Pulley which remains pending.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced

1

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

Pulley was sentenced by this Court on August 3, 2006, to a sentence of 150 months imprisonment. The Court adopted the findings of the Presentence Investigation Report (d/e 23) (PSR) with respect to the determination of Pulley's Guideline range. <u>Statement of Reasons for Imposing Sentence (d/e 21)</u>. Pulley's Guideline range was determined based on the fact that she was a career offender. <u>See</u> U.S.S.G. § 4B1.1. As such, the Federal Defender has concluded that the retroactive Amendment would not apply to Pulley, and thus, asks for permission to withdraw as her

counsel.  Motion to Withdraw, ¶ 3.

THEREFORE, for the reasons set forth above, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 46) is GRANTED. Defendant is allowed to pursue this matter pro se.  Defendant shall file with this Court no later than April 11, 2008, a pleading that either: (a) concedes that the Amendment does not apply because she was found to be a career offender, or (b) explains why the Amendment applies in spite of the fact that she was found to be a career offender.  The Court will defer ruling on Pulley's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (d/e 43) until after that date.

IT IS THEREFORE SO ORDERED.

ENTER:  March 11, 2008

       FOR THE COURT:

                                                   s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                     UNITED STATES DISTRICT JUDGE